## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

CHARLOTTE TABACHINI,

               Plaintiff,

v.

SEDGWICK CLAIMS MANAGEMENT
SERVICES, INC.,

               Defendant.

Civil Action No. 1:22-cv-00072

**Jury Trial Demanded**

## COMPLAINT

### Introduction

       Plaintiff Charlotte Tabachini ("Ms. Tabachini"), through her undersigned counsel, hereby brings this Complaint against her former employer Sedgwick Claims Management Services, Inc. ("Sedgwick") based upon Sedgwick's intentional and willful failure to pay her overtime wages.  In support of this complaint, Ms. Tabachini avers as follows:

### Parties

       1.     Ms. Tabachini is a citizen of Rhode Island and resides at 25 Circuit Drive, Narragansett, RI.

       2.     Sedgwick is a corporation organized under the laws of the State of Illinois with a principal place of business located at 8125 Sedgwick Way, Memphis, TN.

### Jurisdiction and Venue

       3.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1367, and 29 U.S.C. § 216(b).

       4.     Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(2).

## Facts

5.      Ms. Tabachini worked for Sedgwick for over twenty-six years.

6.      For more than the last three years, Ms. Tabachini served as a Complex Case Analyst for Sedgwick.

7.      During more than the last three years, Ms. Tabachini's job duties included the following:

- Evaluate whether the involved policy covered the claimed loss and make recommendations accordingly.

- Investigate claims and obtain documentation to be able to estimate the value of the involved claim.

- Assess cases for any potential fraud.

- Resolve claims within her authority.

8.      At all relevant times, Ms. Tabachini was paid on a salary basis and was deemed by Sedgwick to be exempt from laws requiring overtime pay.

9.      During the past three years, Ms. Tabachini regularly worked in excess of forty hours per week.

10.     In fact, from January 2019 through January of 2020, Ms. Tabachini estimates that she routinely worked approximately 55-60 hours per week.

11.     From January 2020 through January 2021, Ms. Tabachini estimates that she routinely worked approximately 50-55 hours per week.

12.     From January 2021 through December 3, 2021, Ms. Tabachini estimates that the routinely worked approximately 50 hours per week.

13.     At no time was she was ever paid any wages for hours worked above forty including wages at the overtime rate of pay.

14.     Ms. Tabachini does not qualify under state or federal law under any of the

relevant exemptions as a salaried administrative, executive, or professional employee such that she was not entitled to overtime wages.

15.     Ms. Tabachini did not perform office work directly related to the management of general business operations of Sedgwick.

16.     Ms. Tabachini did not exercise discretion or independent judgment with respect to matters of significance and, instead, was required to obtain management approval for any non-routine decisions.

17.     Ms. Tabachini did not supervise or direct the work of two or more employees and was not involved in management of Sedgwick or a department or subdivision of Sedgwick.

18.     Ms. Tabachini did not have authority to hire, fire, promote, or advance employees and never gave, or was asked, her suggestions or recommendation regarding such matters.

19.     Ms. Tabachini's job duties did not include work requiring advanced knowledge in a field of science or learning and did not require a course of specialized instruction.

20.     If Ms. Tabachini was sick for a full day or more, she was forced to use PTO or, if none was available, she would receive no wages for those days.

21.     If Ms. Tabachini worked less than a full day of work, she was required to use PTO or, if none was available, she would receive no wages for that time.

22.     The above is Sedgwick's established "actual practice" and not a mere isolated or inadvertent deduction from wages.

23.     Throughout the course of her time as a Complex Case Analyst for

Sedgwick, Ms. Tabachini routinely advised her co-workers and supervisors of the fact that she was forced to work overtime hours without pay in order to handle her significant caseload.

24.     Throughout Ms. Tabachini's time as a Complex Case Analyst, she coworkers and supervisors routinely complained and otherwise knew that she, and others who performed similar job duties, were forced to work overtime hours without pay.

25.     Throughout Ms. Tabachini's time as a Complex Case Analyst, Sedgwick was well aware of the fact that she, and others who performed similar job duties, were forced to work overtime hours without pay.

26.     Ultimately, on December 3, 2021, Ms. Tabachini decided to retire due to the unpaid overtime hours she was forced to work.

27.     The failure by Sedgwick to pay Ms. Tabachini and those with similar job duties was intentional, willful, wanton, reckless, and in bad faith.

## COUNT I
### (Payment of Wages – R.I. Gen. Laws § 28-14-9.2)

28.     Ms. Tabachini repeats and realleges Paragraphs 1-27 as if set forth in full herein.

29.     Ms. Tabachini routinely worked well over forty hours per week while employed by Sedgwick for the past three years.

30.     At no time has Ms. Tabachini ever received overtime pay as required by R.I. Gen. Laws § 28-12-4.1.

31.     Ms. Tabachini does not qualify for any of the statutory exemptions contained in R.I. Gen. Laws § 28-12-4.3.

32.     As a result of these actions undertaken by Sedgwick, as described herein, Ms. Tabachini has suffered and continues to suffer damages.

## COUNT II
## (Fair Labor Standards Act – Overtime Wages – 29 U.S.C. § 207(a))

33.   Ms. Tabachini repeats and realleges Paragraphs 1-32 as if set forth in full herein.

34.   Sedgwick is engaged in interstate commerce.

35.   Specifically, Sedgwick regularly utilizes the mails, emails, telephones and other instrumentalities of interstate commerce.

36.   Sedgwick has annual gross revenues of more than $500,000.

37.   While working for Sedgwick, Ms. Tabachini was regularly engaged in interstate commerce.

38.   Specifically, Ms. Tabachini regularly utilized the mails, emails, telephones, and other instrumentalities of interstate commerce.

39.   Ms. Tabachini routinely worked over forty hours per week with no additional compensation.

40.   There is no exemption to the FLSA applicable to Ms. Tabachini or Sedgwick.

41.   As a result of these violations of law as described herein, Ms. Tabachini has suffered and continues to suffer damages.

WHEREFORE, Plaintiff Charlotte Tabachini prays for judgment against Sedgwick including: an award of actual, compensatory, punitive, and liquidated damages in an amount to be set by the jury; attorneys' fees and costs; interest thereon; and such other and further relief as to the Court seems meet and just.

## JURY DEMAND

Ms. Tabachini hereby demands a jury on all claims so triable.

CHARLOTTE TABACHINI

By Her Attorney,

ENRIGHT LAW LLC


/s/ Thomas J. Enright
Thomas J. Enright (#7356)
696 Reservoir Avenue
Cranston, RI 02910
(401) 526-2620
(401) 457-7117  FAX
tom@enrightlawoffice.com

DATED:  February 15, 2022